## A. DRIESS ET AL. v. W. FRIEDERICH.

SUPREME COURT, AUSTIN TERM, 1882.

*Evidence.*—Where the question is one of actual damage, irrelevant evidence, calculated to excite the sympathy of the jury, should be carefully excluded.

*Same—Statement of facts—Stenographer's report.*—The adoption of the stenographer's report as the statement of facts is an abuse which the district court should not allow, and which the Supreme Court will discourage by the use of such means as may be found proper and effectual to that end.

Appeal from Bexar county—Houston & Grothaus for appellants. Tarleton & Boone for appellee.

Opinion by Gould, C. J.—Friederich recovered a judgment for damages for personal injuries alleged to have been caused by the negligence of appellants, and the only error relied on in this court to reverse the judgment is the admission, over objection of defendants, of evidence "of the worldly condition of plaintiff, and how many children he had, and whether they were dependent on him for a support." The bill of exceptions uses the language we have quoted, but appellee suggests that the statement of facts does not support the bill of exceptions. That instrument does not show any direct evidence as to the pecuniary condition of plaintiff, but it does show evidence as to the number of plaintiff's children, and that in reply to a question: "To whom does your family look for a support and maintenance?" plaintiff answered: "I have to support them." It also appears in the statement of facts that this evidence was objected to as irrelevant. We think that this substantially supports the bill of exceptions. Such evidence would convey to the minds of the jurors the idea that the pecuniary circumstances of the plaintiff and his family were such that they were dependent on his earnings for a support. The City of Chicago v. O'Brennan, 65 Ill., 163, cited by appellant, is in point. In a similar action the plaintiff was asked by his counsel to state what family

he had, and, over objection, he was allowed to answer: "I had a wife, seven young daughters and two sons. They were in Ireland at that time, and I was their supporter as a lecturer." The case, like the present, was one in which only actual damages were recoverable, and the court held the evidence irrelevant and its admission to be erroneous. They treat it as indirect evidence of plaintiff's pecuniary circumstances, and ask: "Would appellants counsel contend that it was competent for him to give direct evidence of his client's poverty?" When the question is one of actual damage, irrelevant evidence, calculated to excite the sympathy of the jury, should be carefully excluded. We do not think this case was one for exemplary damages, and, indeed, on the trial it seems that none other than actual damages were claimed. If, as urged by counsel, the mental suffering of the plaintiff might be considered in estimating actual damages, it was only mental suffering on account of his own condition, not on account of the condition of others, which might be looked to.

We think it proper to notice that the statement of facts in this case consists of the stenographer's report, giving in full every question and answer, and even the remarks of counsel on questions of evidence. The result is that it covers over seventy pages of the record. Whereas, the facts of the case are few and simple, and might well have been stated in one-tenth of the space. This is in violation of the rules laid down on this subject from the earliest decision down to the rules of court now in force. (Kemper v. Corporation of Victoria, 3 Texas, 140; Wright v. Wright, 6 Texas, 3; Hanks v. Lee, 22 Texas, 544; Rules District Court, 71 to 75.)

The statute authorizing the employment of a stenographer to take down the testimony in a case does not authorize the incorporation of the testimony so taken into the statement of the facts. (R. S., arts. 1295, 1296.) The facts established by the evidence should be stated, and the testimony of witness should only be inserted when there is a reasonable doubt of the sufficiency of the evidence to constitute proof of a fact. (Rules D. C., 71, 72.) The adoption of the stenographer's report as the statement of facts is an abuse which the district court should not allow, and which this court will discourage by the use of such means as may be found proper and effectual to that end.

The judgment is reversed and cause remanded.